```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                                    )
NERO INTERNATIONAL HOLDING CO., INC. )
and                                 )
JOSEPH VALENTI,                     )
                                    )
               Plaintiffs,          )
                                    )   Civil Action
v.                                  )   No. 21-11302-PBS
                                    )
NEROTIX UNLIMITED INC.              )
and                                 )
ANNEMARIE TYLER,                    )
                                    )
               Defendants.          )
_____ )
```

**MEMORANDUM AND ORDER**

February 15, 2022

Saris, D.J.

**INTRODUCTION**

This Lanham Act case concerns ownership of the trademarks NERO and RAVENHOLT for use in live action role playing ("LARP") games. Before the Court is William J. Bearden's motion to intervene as a defendant and counterclaim plaintiff based on his purported ownership of the mark NERO NEW ENGLAND ROLE PLAYING ORGANIZATION. For the reasons set forth below, the Court **ALLOWS** the motion to intervene.

**FACTUAL BACKGROUND**

LARPs are interactive games in which participants act as characters in a fictional setting according to rules and in

1

furtherance of goals set by the games' organizers.  NERO is a LARP system created in 1989 by Ford and Maureen Ivey, who founded the company NERO International, Inc.  Many LARP games in the NERO system take place in the fictional Duchy of Ravenholt.

Plaintiff Joseph Valenti alleges that he came to own the NERO and RAVENHOLT trademarks in 1998, when Mr. Ivey sold him plaintiff NERO International Holding Co. ("NIHC") and assigned him its intellectual property.  Plaintiffs assert that defendant NEROtix Unlimited, Inc. ("NEROtix"), NERO's Massachusetts-based chapter, and NEROtix's owner Annemarie Tyler used the NERO and RAVENHOLT names pursuant to a license agreement with NIHC that terminated in 2016.  The basis for this Lanham Act case is plaintiffs' claim that NEROtix and Tyler continue to use the NERO and RAVENHOLT marks despite termination of the license agreement.

Defendants filed a counterclaim disputing that Valenti and NIHC ever owned rights to the NERO and RAVENHOLT trademarks.  They contend that the NERO system is a compilation of ideas from many independent contributors, none of whom was employed by NIHC or assigned their contributions to anyone.  Defendants also allege that any trademark rights NIHC owned terminated when Valenti dissolved NIHC in 2002, created a second NIHC in 2005 that was dissolved in 2011, then annulled the dissolution of the original NIHC in 2017.  Per defendants, Valenti procured the license agreement between NIHC and NEROtix by fraudulently misrepresenting

2

NIHC's intellectual property rights.  Defendants finally assert that they alone have rights in the RAVENHOLT mark, which Tyler registered in 2016, and that plaintiffs' use of the same mark constitutes infringement.

Bearden bases his motion to intervene upon his claimed ownership of the trademark NERO NEW ENGLAND ROLE PLAYING ORGANIZATION.  He seeks a declaration that he owns this mark, which he registered in March 2015 and which Valenti and NIHC filed to cancel in April 2017.  The cancellation is pending in front of the U.S. Patent and Trademark Office.  Like Defendants, Bearden also claims that Valenti and NIHC fraudulently induced him to enter a license agreement in 2006 by misrepresenting that they owned the NERO mark.

## DISCUSSION

### I. Legal Standard

Bearden seeks intervention as of right.  The Court must allow a motion to intervene if the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed R. Civ. P. 24(a)(2).  The First Circuit's test for

intervention as of right requires a putative intervenor to demonstrate

> (i) the timeliness of his motion to intervene; (ii) the existence of an interest relating to the property or transaction that forms the basis of the pending action; (iii) a realistic threat that the disposition of the action will impede his ability to protect that interest; and (iv) the lack of adequate representation of his position by any existing party.

In re Efron, 746 F.3d 30, 35 (1st Cir. 2014) (cleaned up)(quoting R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp., 584 F.3d 1, 7 (1st Cir. 2009)). An intervenor of right must also demonstrate Article III standing to the extent he seeks relief beyond that requested by the parties. See Town of Chester, N.Y. v. Laroe Estates, Inc., 137 S. Ct. 1645, 1651 (2017).

**II. Analysis**

   **A. Standing**

To establish standing, Bearden must plead "a familiar triad: injury, causation, and redressability." Katz v. Pershing, LLC, 672 F.3d 64, 71 (1st Cir. 2012) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)). "The injury element of constitutional standing requires that the plaintiff show that the injury is 'concrete and particularized' and 'actual or imminent.'" Equal Means Equal v. Ferriero, 3 F.4th 24, 28 (1st Cir. 2021) (quoting Susan B. Anthony List v. Driehaus, 573 U.S. 149, 158 (2014)). The causation and redressability elements require the plaintiff to show "that the injury is 'fairly traceable to the

4

defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" Equal Means Equal, 3 F.4th at 28 (quoting California v. Texas, 141 S. Ct. 2104, 2113-14 (2021)). At the pleading stage, Bearden must allege sufficient facts to plausibly demonstrate each standing element. See Perez-Kudzma v. United States, 940 F.3d 142, 145 (1st Cir. 2019).

Bearden has pled standing here. Bearden alleges that he registered and owns the NERO NEW ENGLAND ROLE PLAYING ORGANIZATION trademark, that plaintiffs do not own rights in the NERO mark, that plaintiffs nonetheless continue to use the NERO mark, and that plaintiffs have interfered with Bearden's trademark rights by filing to cancel the NERO NEW ENGLAND ROLE PLAYING ORGANIZATION trademark. He further claims that he paid license fees based on Valenti's misrepresentations of ownership rights to the NERO trademark. These allegations suffice to establish injury in fact, causation, and redressability for Bearden's claims.

**B.  Intervention as of Right**

   *1.  Timeliness*

Bearden's motion to intervene is timely. While timeliness is evaluated "on a case by case basis, examining the totality of the relevant circumstances," there are four factors that guide the Court's analysis:

> (1) the length of time the applicant knew or reasonably should have known that its interest was imperilled before it moved to intervene; (2) the foreseeable

5

prejudice to existing parties if intervention is granted; (3) the foreseeable prejudice to the applicant if intervention is denied; and (4) idiocratic circumstances which, fairly viewed, militate for or against intervention.

Banco Popular de P.R. v. Greenblatt, 964 F.2d 1227, 1230-31 (1st Cir. 1992).

Bearden moved to intervene roughly two-and-a-half months after Plaintiffs filed the Complaint and two weeks before the Court held a scheduling conference. Plaintiffs do not contend that the timing of Bearden's motion was unreasonable or prejudicial, nor could they; the case had not progressed past the initial pleadings when Bearden moved to intervene. In contrast, Bearden would be prejudiced by denial of his motion to intervene, as plaintiffs' ownership of the NERO mark would be determined without his claims being heard. The parties do not identify any special circumstances militating for or against intervention. On balance, Bearden's motion to intervene is timely.

    *2. Bearden's Interest*

The second and third requirements for intervention of right are satisfied where an intervenor claims to own a trademark that is the subject of the lawsuit in which they seek to intervene. See Bible Way Church of Our Lord Jesus Christ World Wide, Inc. v. Showell, 260 F.R.D. 1, 4 (D.D.C. 2009) (allowing motion to intervene of right where proposed intervenor asserted ownership over trademarks at issue in case); see also Process Controls Int'l,

6

Inc. v. Emerson Process Mgmt., 753 F. Supp. 2d 912, 933 (E.D. Mo. 2010) (same).

Bearden claims ownership of the NERO NEW ENGLAND ROLE PLAYING ORGANIZATION trademark, while plaintiffs claim ownership of the NERO trademark. While the two marks are not identical, many of the factors courts look to in assessing trademark infringement claims are implicated by plaintiffs' and Bearden's asserted rights to these two marks. See Pignons S.A. de Mecanique de Precision v. Polaroid Corp., 657 F.2d 482, 487 (1st Cir. 1981). Thus, Bearden's interest in the NERO NEW ENGLAND ROLE PLAYING ORGANIZATION mark at least relates to the parties' dispute over the NERO mark.

Further, because both Bearden's and defendants' claims to trademark ownership rely on the argument that plaintiffs do not own the NERO mark, the disposition of that argument in plaintiffs' favor would pose a realistic threat to Bearden's interest in the NERO NEW ENGLAND ROLE PLAYING ORGANIZATION mark. A ruling that plaintiffs own the rights to the NERO mark "could have persuasive value" in any subsequent lawsuit between plaintiffs and Bearden. Retina-X Studios, LLC v. ADVAA, LLC, 303 F.R.D. 642, 654 (M.D. Fla. 2014) (allowing motion to intervene of right). It is unrealistic that Bearden could continue to use the NERO NEW ENGLAND ROLE PLAYING ORGANIZATION mark unimpeded if the Court finds that plaintiffs are the rightful owners of the NERO mark. For that reason, the Court is not convinced by plaintiffs' contention that

this dispute only concerns the priority of ownership between the two parties to this case; if plaintiffs own NERO, Bearden, like defendants, will play second fiddle in trademark priority. Bearden thus satisfies the second and third prongs of the intervention of right test.

       3.    *Adequate Representation*

The burden of showing a lack of adequate representation of the intervenor's position is a minimal one; the intervenor need only show that representation of his interest "may be" inadequate. Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972). Here, no party shares Bearden's goal in this litigation, which is to establish his rights in the NERO NEW ENGLAND ROLE PLAYING ORGANIZATION trademark. To be sure, there is overlap in the arguments both Bearden and defendants will make; both intend to submit that plaintiffs do not own rights to the NERO trademark. Yet no other party will seek to establish Bearden's trademark rights and plaintiffs' alleged infringement of those rights. Plaintiffs do not argue that either they or defendants adequately represent Bearden's position. The fourth requirement for intervention of right is therefore satisfied.

Because Bearden is entitled to intervene as of right, the Court need not address the parties' arguments regarding permissive intervention.

## **ORDER**

Bearden's motion to intervene (Dkt. No. 23) is **ALLOWED**.

SO ORDERED.

                                        /s/ PATTI B. SARIS
                                        Hon. Patti B. Saris
                                        United States District Judge