# United States Court of Appeals
## For the First Circuit

No. 24-1242

NERO INTERNATIONAL HOLDING CO., INC.; JOSEPH ALAN VALENTI,

Plaintiffs/Counter-Defendants - Appellants,

v.

NEROTIX UNLIMITED, INC.; ANNMARIE TYLER; WILLIAM J. BEARDEN; NERO WORLD, LLC,

Defendants/Counter-Plaintiffs- Appellees.

Before

Gelpí, Montecalvo and Rikelman,
<u>Circuit Judges</u>.

**JUDGMENT**

Entered: July 30, 2024

    Per 28 U.S.C. §§ 1291 and 1292, this court has jurisdiction to review a final judgment or an appealable interlocutory order entered by a district court. The February 2, 2024, jury verdict designated in the operative notice of appeal does not fall into either category, and the district court has not entered judgment in the underlying proceeding. In light of the foregoing, the court entered an order to show cause flagging finality concerns, as well as concerns regarding plaintiff-appellant Joseph Valenti's attempt to legally represent NERO International Holding Co., Inc. ("NERO International"), on appeal.

    Valenti, who signed the operative notice of appeal purportedly on behalf of himself and NERO International, has filed a response to the order to show cause, in addition to two motions to "voluntary[ily] withdraw or otherwise stay notice of appeal." The filings are resolved as follows. The appeal is dismissed for lack of finality. <u>See</u> 1st Cir. R. 27.0(c) (court may dismiss at any time when jurisdiction lacking). Once a final judgment has entered in the underlying matter, Valenti and NERO International may file new notices of appeal consistent with the timeliness and other requirements set out at Federal Rules of Appellate Procedure 3 and 4(a). Additionally, Valenti's attention is again directed to this court's precedent recognizing that a non-lawyer may not represent a corporation in on-going proceedings, though "a corporate officer may sign and file a notice of

appeal on behalf of the corporation, as long as the corporation then promptly retains counsel to take up the cudgels and prosecute the appeal." See Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23-24 (1st Cir. 2000); see also In re Las Colinas Dev. Corp., 585 F.2d 7, 11-13 (1st Cir. 1978) (reiterating the "well-established rule" that "a corporation may be represented only by licensed counsel," even where nonlawyer president was 94 percent stockholder).

The appeal is dismissed. See 1st Cir. R. 27.0(c).

By the Court:

Maria R. Hamilton, Clerk

cc:
William E. O'Brien III
Joseph Alan Valenti